UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CORNERSTONE TECHNICAL SALES, LLC,

    Plaintiff,

v.                                        Case No: 6:16-cv-2007-Orl-28TBS

CHASSIS PLANS, LLC,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant's Motion to Quash Service of Process and to Set Aside Clerk's Default (Doc. 3). Plaintiff has not responded to the motion and the time within to do so has expired. Accordingly, the Court treats the motion as unopposed. Foster v. The Coca-Cola Company, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of America, N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cnty., Ga., 306 F. sup.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 234251, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at * 1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

This case was removed from the Ninth Judicial Circuit of Florida, in and for Orange County, Florida to this Court on November 16, 2016 (Doc. 1). Prior to removal, Plaintiff filed a Return of Service stating that Defendant was served by serving "John Doe," manager at 10840 Thornmint Rd., #100, San Diego, CA 92127 (Doc. 1-2 at 35). Service was made pursuant to FLA. STAT. § 48.062 which provides:

> (1) Process against a limited liability company, domestic or foreign, may be served on the registered agent designated by the limited liability company under chapter 605. A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office.
>
> (2) If service cannot be made on a registered agent of the limited liability company because of failure to comply with chapter 605 or because the limited liability company does not have a registered agent, or if its registered agent cannot with reasonable diligence be served, process against the limited liability company, domestic or foreign, may be served:
>
> (a) On a member of a member-managed limited liability company;
>
> (b) On a manager of a manager-managed limited liability company; or
>
> (c) If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, he, she, or it may designate an employee of the limited liability company to accept such service. After one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours.
>
> (3) If, after reasonable diligence, service of process cannot be completed under subsection (1) or subsection (2), service of process may be effected by service upon the Secretary of State as agent of the limited liability company as provided for in s. 48.181.

> (4) If the address provided for the registered agent, member, or manager is a residence or private mailbox, service on the limited liability company, domestic or foreign, may be made by serving the registered agent, member, or manager in accordance with s. 48.031.
>
> (5) This section does not apply to service of process on insurance companies.

FLA. STAT. § 48.062.

The Return of Service fails to state the number of attempts made to serve Defendant, or that "John Doe," was a manager or employee of Defendant or its registered agent (Id.). The address at which service was made is not the correct address for Defendant's registered agent (Doc. 3 at 2). Defendant has filed the uncontroverted affidavit of its "Agent for Service of Process" in which he denies service of process on himself or any manager of the company (Doc. 1-2 at 53-55). He also testifies that the description of "John Doe" provided by the process server does not match the description of the Agent for Service of Process, any of his employees, or any of Defendant's managers (Id.). Now, the Court finds that Plaintiff has not demonstrated that Defendant was validly served. For this reason, and because Plaintiff does not oppose the motion, the service of process on Defendant is **QUASHED**, and the default entered by the Clerk is **VACATED**.

**DONE** and **ORDERED** in Orlando, Florida on December 6, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record